The Law Offices of Jacob Aronauer
250 Broadway, Suite 600
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

October 2, 2023

**Via ECF**
Hon. Eric R. Komitee
United States District Court Eastern District of New York

      Re:    *James v. Opies Outpost, LLC et al.*
                23-cv-05533 (EK) (TAM)

Dear Judge Komitee:

      This office represents Defendants in the above captioned matter. For the reasons set forth, we request permission to move to dismiss. We believe that Plaintiff has not alleged with the requisite specificity his unpaid overtime claims. We also seek permission to move to dismiss because Plaintiff has failed to plead how he suffered any tangible injury due to Defendants' alleged failure to provide wage notices under the Wage Theft Prevention Act ("WTPA"). Finally, Plaintiff does not plead with any specificity as to how Defendants purportedly engaged in tip misappropriation.

      Plaintiff does not plead with the required specificity as to the hours he purportedly worked overtime. Specifically, Plaintiff does not plead any specific week that he worked more than 40 hours a week but was not paid time and one half. Rather, Plaintiff only pleads general time periods as to when he allegedly worked overtime. *See* ¶¶ 30-31 of the Complaint (dkt 001). Accordingly, Defendants should be permitted to move to dismiss the lawsuit. *See Nakahata v. New York-Presbyterian Healthcare System*, 723 F.3d 192, 199 (2d Cir. 2013) (dismissing lawsuit because plaintiff only alleged that he regularly worked more than 40 hours per week); *see also Amponin v. Olayan Am. Corp.*, 2015 U.S. Dist. LEXIS 31778, at * 7-9 (S.D.N.Y. Mar. 16, 2015) (dismissing case because plaintiff allegations did not include a specific week where she worked more than 40 hours a week).

      We also respectfully request to be given permission to move to dismiss the claims brought under the WTPA. The complaint fails to sufficiently demonstrate how Plaintiff suffered a concrete injury traceable to Defendants' purported failure to provide wage notices or wage statements. *Veintimilla v. Sunny Builders NY*, 2023 U.S. Dist. LEXIS 28799, at * 25-26 (E.D.N.Y. Feb. 17, 2023); *see also Sevilla v. House of Salads One LLC*, 2022 U.S. Dist. LEXIS 58496, at * 7 (E.D.N.Y. Mar. 30, 2022) (holding that "it is not clear that [such] policies led to an 'injury' that can be recognized by a federal court"). Accordingly, there is no Article III standing to bring this claim. *See Perez v. Postgraduate Ctr. for Mental Health*, 2021 U.S. Dist. LEXIS 156116, at * 7 (E.D.N.Y. Aug. 18, 2021) (finding that plaintiff lacked Article III standing for a claim alleging

that the content of his wage notices violated the NYLL because the inaccuracy did not present any true harm).

The final cause of action—tip misappropriation—should also be dismissed because Plaintiff does not state how Defendants purportedly engaged in tip misappropriation. Plaintiff simply makes the accusation without providing any scheme or method as to how Defendants engaged in this purported action. *See* ¶¶ 36-42 of the Complaint.

Respectfully,

*/s Jacob Aronauer*
Jacob Aronauer

**Via ECF**
*All counsel on record*